UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | Case No. 12-40590-BKC-RAM |
| ) | Chapter 7 Case |
| DARRYL J. BLINSKI, ) | |
| ) | |
| Debtor. ) | |
| ) | |

### NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*
(Documents May Be Produced In Lieu of Appearance[1])

TO:   **American Express Company, by and through
CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, Barry E. Mukamal, the duly appointed Chapter 7 Trustee (the "*Trustee*") for the above-captioned bankruptcy estate of Darryl J. Blinski (the "*Debtor*"), by and through undersigned counsel, will examine the following person under oath at the date, time and place set forth below:

**NAME:**   **Person designated by American Express Company and who consents to testify on its behalf with respect to those items described on Exhibit A.**

**DATE:**   **Wednesday, June 5, 2013**

**TIME:**   **10:00 a.m.**

**PLACE:**   **Meland Russin & Budwick, PA
200 S. Biscayne Blvd., Suite 3200
Miami, FL 33131**

*Note:*   *Any parties planning on attending should contact our office prior to the examination to ensure that the examination has not been rescheduled to another date.*

---

[1] The Trustee expressly reserves the right to continue (or reschedule) the examination after review of the documents provided in lieu of appearance.

4

The examination may continue from day to day until completed. If the examinee receives this Notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order shall be necessary.

If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this Notice.

**The examinee is further required to produce all documents listed on the attached <u>Exhibit A</u> to the undersigned attorney on or before Wednesday, June 5, 2013 by 10:00 a.m.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of 2004 Examination *Duces Tecum* was served on May 22, 2013, via the Court's Notice of Electronic Filing, upon all Registered Users listed on the attached <u>Exhibit 1</u>

         s/ James C. Moon
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Trustee, Barry E. Mukamal*

<u>Exhibit 1</u>

# Mailing Information for Case 12-40590-RAM

**Electronic Mail Notice List**

The following is the list of **<u>parties</u>** who are currently on the list to receive email notice/service for this case.

- Daniel N Gonzalez    dgonzalez@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- James C. Moon    jmoon@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- James C. Moon    jmoon@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Barry E Mukamal    bankruptcy@marcumllp.com, FL64@ecfcbis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Sarah Lindquist Pape    spape@zkslawfirm.com, kgoodman@zkslawfirm.com
- Alan J. Perlman    aperlman@ralaw.com, mhannau@ralaw.com;jalper@ralaw.com
- D Jean Ryan    courtmail@ryanlawpa.com, ryanlawpa@gmail.com

## **EXHIBIT A**

## **INSTRUCTIONS**

a. All references to any Person (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her control.

b. As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

c. These requests encompass all documents in the responding party's custody, possession or control, whether or not such documents were prepared by or for such responding party. Where knowledge, information or documents in the responding party's possession, custody or control are requested or inquired of, such request or inquiry includes knowledge, information or documents in the possession, custody or control of each of responding party's employees, agents, accountants, attorneys, auditors, representatives and any other individuals or entities from whom the responding party could obtain documents.

d. If there is a claim that any privilege excuses production of any document or part thereof, the responding party must provide a log identifying each allegedly privileged document by title, type, date, author, recipients and subject matter, and state the privilege, and respond as fully as otherwise possible with all nonprivileged documents in whole or part.

e. When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

f. When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

g. In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

h. If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

## **DEFINITIONS**

a. "<u>You</u>", "<u>Your</u>" refers to the Person (as defined below) to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on your behalf, including your Representative (as defined below).

b. "<u>Materials</u>" shall mean all "Documents", "Writings", "Agreements", and "Communications" as those terms are defined herein.

c. "<u>Document(s)</u>" or "<u>Writing(s)</u>" shall be deemed to include every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to, all originals, nonidentical copies and drafts of the following items, whether printed, handwritten, typed, recorded, or stored on any electromagnetic storage device, or reproduced by hand, including without limitation correspondence, memoranda, invoices, receipts, records, ledger cards or other accounting records, voucher, check, shop order, diary, calendar, instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of consultants, projections, drafts, contracts, agreements, confirmations, statistical statements, studies, telegrams, telexes, books, notes, reports, logs, diaries, tape recordings, video cassettes and data compilations from which information can be obtained, charts, photographs, notebooks, drawings, plans, printed materials of any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer, or represented by a computer program, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced and reproduced.

d. "<u>Communication</u>" means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

e. "<u>Representative</u>" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

f. "<u>Evidencing</u>" means having a tendency to show, prove or disprove.

g. The words "<u>and</u>" and "<u>or</u>" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Interrogatories any answer that might be deemed outside their scope by another construction.

h. "<u>Control</u>" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your

       employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

i.     "Related to" or "Relating to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

j.     "Including" shall mean including but not limited to.

k.     "Person" refers to any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust or other business enterprise, governmental body or agency, or governmental, public, legal or business entity, or group of natural persons or other entities whether *sui juris* or otherwise.

## **DOCUMENTS TO BE PRODUCED**

1. Any and all Documents regarding account no. XXXX-XXXXXX-82005, including all statements and payment records from December 1, 2009 through December 31, 2012.

2. Any and all Documents regarding account no. XXXX-XXXXXX-32005, including all statements and payment records from December 1, 2009 through December 31, 2012.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                ) Case No. 12-40590-BKC-RAM
                                                      ) Chapter 7 Case
DARRYL J. BLINSKI,                                    )
                                                      )
                Debtor.                               )
_____                       )

### SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

TO:   **American Express Company, by and through**
      **CT Corporation System, Registered Agent**
      **1200 South Pine Island Road**
      **Plantation, FL 33324**

[ ]   YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 2004, and Local Rule 2004-1, at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |
| [X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **(Documents May Be Produced In Lieu of Appearance[1])** <br> SEE ATTACHED EXHIBIT "A" | |
| PLACE <br> Meland Russin & Budwick, P.A. <br> 3200 Southeast Financial Center <br> 200 South Biscayne Boulevard <br> Miami, Florida  33131 | DATE AND TIME <br> **Wednesday, June 5, 2013** <br> **at 10:00 a.m.** |
| ISSUING OFFICER SIGNATURE <br> *[signature]* | TITLE <br> Attorneys for the Trustee |
| ISSUING OFFICER'S NAME (PRINT) <br> James C. Moon, Esq. | PHONE                FACSIMILE: <br><br> (305) 358-6363       (305) 358-1221 |
| ADDRESS <br> Meland Russin & Budwick, P.A. <br> 3200 Southeast Financial Center <br> 200 South Biscayne Boulevard <br> Miami, Florida  33131 | DATE <br> May 22, 2013 |

---

[1] The Trustee expressly reserves the right to continue (or reschedule) the examination after review of the documents provided in lieu of appearance.

1

2

| PROOF OF SERVICE ||
|---|---|
| DATE | PLACE |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |
| DECLARATION OF SERVER ||
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.<br><br>Executed on _____<br>              DATE | _____<br>SIGNATURE OF SERVER<br><br>_____<br>ADDRESS OF SERVER |
| Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure;  See also Local Rule 2004-1. ||

2

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(c). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

3